ON PETITIONS FOR REHEARING OF ORDER DENYING MOTIONS FOR ATTORNEYS’ FEES
PER CURIAM.
In December, 1965, separate motions for attorneys’ fees were filed herein on behalf of attorneys for appellees Blanche Marie Thomas and Agnes M. Nickel under authority of F.S. § 73.16, F.S.A. and Rule 3.16 (e) F.A.R., 32 F.S.A. Said rule provided not only for the time when such motions should be filed (which was complied with), but also provided that such motions “shall be disposed of at the time the case is disposed of on the merits”. Accordingly, the motions lay in abeyance *280 until October 18, 1967, when we affirmed the lower Court, which affirmance entitled attorneys for appellees to attorneys’ fees. However, we denied the motions in this Court in adherence to our long standing policy of leaving the fixing of such fees to the lower Court in view of the language of F.S. § 73.16 F.S.A., under which the motions were originally filed, which provided that attorneys’ fees shall “be assessed by the Court” (which we have construed to mean the trial Court), in cases where the defendant prevails in the appellate Court.
Petitions for rehearing have now been filed for reconsideration of our former denial of the motions for attorneys’ fees, citing F.S. § 73.131 F.S.A., which provides that, upon an appeal in an eminent domain proceeding, “the petitioner [in this case State Road Department] shall pay all reasonable costs of the proceedings in the appellate court, including a reasonable attorney’s fee to be assessed by that court”, except in cases not here material. This § 73.131 had not been previously called to our attention but our independent research shows that it was passed by the 1965 Legislature, effective October 1, 1965, and amended and superseded old § 73.16 aforesaid. Actually, therefore, present § 73.131 was in force in December, 1965, when the original motions for attorneys’ fees were filed. Be that as it may, it appears now that the named appellees are entitled not only to attorneys’ fees in the appellate Court, but that such fees “must be assessed by that court” (meaning this Court).
However, we have recently held in Campus University Apts., Inc. v. Audlane Lumber & Builders Supply, Inc., Fla.App. 1968, 205 So.2d 687, that there is no authority for filing of petition for rehearing in this Court to further consider a previous order dismissing an appeal. The rationale of the Campus University case is that petitions for rehearing are allowable in the appellate Court only when addressed to a decision or opinion on the merits of the appeal and not to orders entered upon collateral motions or petitions ancillary to the main appeal. Therefore, the petitions for rehearing of the October 18, 1967 order denying attorneys’ fees cannot be considered.
But justice to appellees requires us to recognize that they are entitled to attorneys’ fees under § 73.131 even though our attention was not drawn thereto until after our previous denial of their motions. Accordingly, we set aside ex mero motu our previous order of October 18, 1967 denying attorneys’ fees but do herewith enter order directing petitioner State Road Department of Florida to pay $500.00 to attorneys of record for appellee Blanche Marie Thomas, and a like sum to attorneys of record for appellee Agnes M. Nickel, as reasonable attorneys’ fees for services rendered to said appellees in this Court.
The filing of certified copy of this order in the Court below will be sufficient authority for the payment of said sums.
ALLEN, Acting C. J., PIERCE, J., and LANE, A. H., Associate Judge, concur.